IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENNETH RAY GORAM, :
#197204 :
    Plaintiff, :
     :
vs. : CIVIL ACTION 14-480-KD-M
     :
LONNIE JEFFERSON, :
    Defendant. :
     :

## REPORT AND RECOMMENDATION

Plaintiff Kenneth Ray Goram, a probationer under the supervision of Mobile County Community Corrections Center, proceeding *pro se* and *in forma pauperis,* filed a complaint under 42. U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration of the pleadings on record, it is recommended that this action be dismissed without prejudice prior to service of process as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i), and as failing to state an adequate claim for recoverable damages pursuant to 42 U.S.C. § 1997e(e).

### I. Facts and Proceedings

Based on the record before it, the Court summarizes the allegations as follows. Plaintiff names Probation Officer Lonnie Jefferson (hereinafter "Defendant

Jefferson") as the only Defendant in this action. In conjunction with his Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), which was granted, even though he was still required to pay a partial filing fee. (Doc. 4). Even though the Motion for Leave to Proceed *In Forma Pauperis* was granted, the review process required by 28 U.S.C. 1915A is ongoing in order to determine if the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.

On July 30, 2009, Plaintiff was convicted of "attempt to commit a controlled substance" and was sentenced to "15 years split 18 months." (Doc. 1 at 7). After what the Court gathers to have been a probation revocation, Plaintiff states that he "walked from the jail from being released" to report to his probation officer, Lonnie Jefferson. (*Id.* at 4). Upon walking in his office, Plaintiff alleges Defendant Jefferson stated "another white boy," and due to that statement, Plaintiff "felt like he didn't have an equal opportunity to complete the probation imposed" at his sentencing. (*Id.*). Plaintiff also contends that Defendant Jefferson stated in open court that Plaintiff was a "waist [sic] of time," told Plaintiff's brother that he was a liar, and told Plaintiff's mother

that "he didn't have to do a f*cken [sic] thing." (Doc. 1 at 4-6).

For relief, Plaintiff requests to "get the prejudice out of the probation office for everone [sic] can have equal opportunity and award Mr. Goram a payable settalment [sic] for the mental angerish [sic] of the situation $50,000.00 cash prejudice act." (Doc. 1 at 8).

II. Discussion

a. 42 U.S.C. § 1997e(e)

"In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA")." *Harris v. Garner*, 216 F.3d 970, 971 (11th Cir.), *cert. denied*, 532 U.S. 1065 (2001). Included in the PLRA is 42 U.S.C. § 1997e(e), which provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). For the purposes of this section, a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation,

3

pretrial release, or diversionary program." 42 U.S.C. § 1997(h). This section, therefore, applies to Plaintiff who was a prisoner when he filed this action.

Section 1997e addresses suits by prisoners and states in pertinent part that, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." § 1997e(e). This section is "[r]ead as a limitation on a damages remedy only[.]" *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), *opinion vacated by* 197 F.3d 1059, *opinion reinstated in part by* 216 F.3d 970 (11th Cir. 2000). By enacting § 1997e(e), "Congress has chosen to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief, and not through actions for damages." *Id.* at 1289. This section "applies only to lawsuits involving (1) federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.), *cert. denied*, 540 U.S. 1112 (2004). The statute's clear and broad language encompasses all claims,

4

including constitutional claims, and provides for no exceptions. *Al-Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir. 2011). Moreover, no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally. *Id.*

Under § 1997e(e), a claim for nominal damages may proceed, but if such a claim were successful, the amount to be awarded would be only nominal. *Id.* Plaintiff requested $50,000.00 in damages (Doc. 1 at 8), which is not a nominal damages request. *See Carey v. Piphus*, 435 U.S. 247, 266-67 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); *Qualls v. Santa Rosa County Jail*, No. 3:10cv54/MCR/MD, 2010 WL 785646, at *3 n.1 (N.D. Fla. Mar. 4, 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because

he specifically requested only $250,000 in compensatory and/or punitive damages"); *Harrison v. Myers*, CA No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. July 13, 2011) (unpublished) (finding that the prisoner's request of $2,500 was not for nominal damages inasmuch as nominal damages implies a mere token or trifling); *In re Bayside Prison Litigation*, CA 09-2365(RBS/JS), 2010 WL 4916716, at *4 (D.N.J. Nov. 23, 2010) (unpublished) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'").

With no request for nominal damages, the remaining types of damages are compensatory and punitive damages. However, Plaintiff may only recover compensatory and punitive damages if he sustained an injury that is greater than *de minimis*. *Harris v. Garner, supra*, 190 F.3d at 1286. Though Plaintiff does not specifically identify his request for $50,000.00 as being for either compensatory or punitive damages, rather a "payable settalment [sic] for the mental angerish," the Court finds that even a liberal construction of Plaintiff's Complaint does not satisfy the "more than *de minimus* injury" inquiry to sustain a claim for compensatory or punitive damages as a result of being called "another white boy," despite being Native American.

In fact, Plaintiff does not identify any type of injury that he suffered at the hands of Defendant Jefferson; rather, his allegations are mere speculation and conjecture as to how he thinks he may be treated over the course of his probation. Such speculation and conjecture the Court finds to be conclusory and wholly unsupported by the record. It is well settled that conclusions cannot be taken as true and have no probative value in the litigation context. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009); *see also Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000)("[t]his court has consistently held that conclusory allegations without specific supporting facts have no probative value"); *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984)(a Plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment). Therefore, Plaintiff's Complaint is due to be dismissed pursuant to § 1997e(e).

b. 28 U.S.C. § 1915(e)(2)(B)(I)

Even if Plaintiff's Complaint stated a claim for relief with properly pled compensable damages, the Court finds his allegations lacking an adequate basis in law or fact, and therefore sounding in frivolity. Pleading nothing more than frivolous allegations, the Court finds

7

Plaintiff's Complaint is ripe for dismissal without prejudice prior to service of process pursuant to § 1915(e)(2)(B)(i) for the following reasons.

The federal statutes authorizing incarcerated plaintiffs to file complaints as paupers provide for dismissal of such complaints if they are found to be frivolous. *See* § 1915(e)(2)(B)(i)("Notwithstanding any filing fee, or any portion thereof that may have been paid, the court *shall* dismiss the case at any time if the court determines that-- . . . the action . . . is frivolous or malicious; . . . .")(emphasis added); 1915A(b)(1)("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; . . ."). A claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where it seeks to enforce a right that clearly does not exist, as is the situation in the present case. *Id.;* § 1915(e)(2)(B).[1]

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. §

8

Plaintiff essentially alleges verbal abuse by Defendant Jefferson when Jefferson called him "another white boy" and stated in court that Plaintiff was a "waist of time." It is well established that allegations of verbal abuse and threats, even threatening gestures and conduct by correctional officers and officials, are insufficient grounds for relief under § 1983. *Montgomery v. Fondren,* 2013 WL 5636679, at *9 (N.D.Ala. Oct. 15, 2013); *see also Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir.1987) (verbal threats or abuse do not rise to the level of constitutional violations cognizable under § 1983); *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir.1985) (allegations of verbal threats and name calling do not amount to constitutional violations actionable under § 1983); *Collins v. Cundy,* 603 F.2d 825 (10th Cir.1979) (allegation that Sheriff threatened to hang prisoner does not state a claim under § 1983); *Boddie v. Coughlin,* 583 F.2d 352, 357 (S.D.N.Y.1984) (exchange of words does not give rise to constitutional violation); *Nelson v. Herdzik,* 559 F.Supp. 27, 28 (W.D.N.Y.1983) (allegation that officer threatened inmate with a knife and told inmate he would

---

1915(b)(2)(B) in 1996. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Bilal,* 251 F.3d at 1348–49.

9

kill him if inmate made trouble does not state a claim under § 1983); *Johnson v. Liberty,* 1990 WL 37908 (N.D.N.Y. March 26, 1990) (harassment by officers and threats intended to provoke prisoner into physical confrontation insufficient to state a claim under § 1983). Accordingly, Plaintiff's allegations are deemed to be frivolous as they do not travel on an adequate basis of law or fact.

To the extent that Plaintiff alleges an Equal Protection claim based on race or national origin, such claim likewise fails as frivolous. To establish a claim cognizable under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff must first establish that he is similarly situated with other prisoners who received the "equal opportunity to complete the probation imposed." *Damiano v. Fla. Parole and Prob. Comm'n,* 785 F.2d 929, 932 (11th Cir. 1986); *Jones v. Ray,* 279 F.3d 944, 947 (11th Cir. 2001).

Second, he must establish that Defendants engaged in invidious discrimination against him based on race, religion, national origin, poverty or some other constitutionally protected interest. *Damiano* at 932-33. Plaintiff provides facts that support neither element necessary to establish an Equal Protection claim. Without the necessary facts sufficiently pled to state an Equal

Protection claim, the Court finds Plaintiff's Complaint to be frivolous pursuant to § 1915(e)(2)(B)(i).

### III. Conclusion

Based on the foregoing, the Court finds Plaintiff's Complaint is due to be dismissed without prejudice prior to service as frivolous pursuant to §§ 1915A and 1915(e)(2)(B)(i), and as failing to state an adequate claim for recoverable damages pursuant to 42 U.S.C. § 1997e(e).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 3rd day of November, 2014.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE